UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

Case No: 5:11-CR-00125 (GTS)

-v-

DEFENDANT'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM

MICAH BROWN

      Defendant.

---

  Comes now the Defendant, Micah Brown, by and through his attorneys Randi Bianco and Emily Simon, and replies to the Government's Sentencing Memorandum as follows:

### 1. A Departure Based upon the Defendant's Combination of Physical Disabilities is Appropriate Under Either a Guideline or Statutory Analysis

  Defendant contends that this court can and should depart from the guidelines sentence proposed by the PSR based upon either USSG § 5H1.4 or 18 USC § 3553(a) (*United States v. McFarlin*, 535 F3d 808 (8th Cir. 2008), and (*United States v. Wadena*, 470 F3d 735 (8th Cir. 2006)). The cases that the government cites to support its assertion that this departure is not warranted under USSG § 5H1.4 are either: prior to the 2010 amendment to the advisory guideline (*Ashley* at page *7* of the Government's Memorandum) before the decision in *United States v. Booker*, 543 U.S. 220 (2005) (*Russell* at page *7* of the Government's Memorandum and *Johnson* at pages *10-11* of the Government's Memorandum) devoid of relevant facts by which

this Court can make an informed judgment as to the applicability of the case cited to the case at bar, (*Campbell* at page *11* of the Government's Memorandum and *Altman* at page *11* of the Government's Memorandum) or misleading.

For example, the government cites and quotes *Dolehide* on page *11* and *12* of its memorandum. In that case, the defendant requested a departure based upon diminished capacity, as contained in USSG § 5K2.12, not physical condition as contained in USSG § 5H1.4. Similarly, in *Aref* and *Martinez* at page *11* of the Government's Memorandum, the Defendants sought downward departures based upon aberrant behavior pursuant to USSG § 5K2.20.[1] In rejecting the Defendant's request for departure, the Court noted that the Defendant's diabetes was not a sufficient basis for a downward departure pursuant to USSG § 5H1.4.

The facts of Micah's case are distinguishable from all of the case cited by the Government. Unlike the Defendants in *Russell* and *Ashley,* Micah does not suffer from just deafness alone. Unlike the Defendant in *Dolehide,* social ineptitude is not his only disability. Unlike the Defendants in *Aref* and *Martinez,* he does not suffer from only one easily recognizable and treatable disease.[2] Micah has a combination of problems, which although perhaps diagnosed when he was an infant or a toddler, nonetheless persist to this day and are <u>permanent</u> conditions:

- Bilateral Nerve Deafness, which has resulted in hearing loss due to a failure of the auditory nerve (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 1).

---

[1] See *United States v. Jimenez*, 212 F. Supp. 2d 214 (S.D.N.Y., 2002) at pages 218-219 where the District Court finds that the holding of *Martinez* (and therefore by extension, *Aref*) had been mischaracterized by the Government.
[2] As indicated, it is impossible to tell what medical problems the Defendants were claiming in *Campbell* and *Altman*.

**Page 2**—Defendant's Reply to the Government's Sentencing Memorandum (*United States v. Micah Brown, Case No. 5:11-CR-00125 (GTS)*)

- Mild Spastic Diplegic Cerebral Palsy (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 1).

- Noonan's Syndrome, which is a congenital physical deformity resulting in down-slanting or wide-set eyes, hearing loss, low-set or abnormally shaped ears, sagging eyelids, short stature, unusual shaped chest, and a short, broad neck (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 2).

- Multi-factor Hemophilia (Von Willebrand Disease), which results in varying degrees of excessive bleeding. When treatment is necessary, Micah would need intravenous medication. "Micah has the possibility for bleeding following an injury, accident, surgery, or other traumas….He will need to go to a hospital or medical clinic for the infusions. It would be most preferable for Micah to be evaluated at a hospital with a Hemophilia Treatment Center HTC" (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at pages 2-3 and Letter from Gregory Thomas, M.D., Medical Director at Oregon Health Sciences University Division of Pediatric Hematology/Oncology, dated June 27, 2000 attached therein as Exhibit "L").

- Congenital heart murmur, which can cause chest pain, shortness of breath, and swelling of the extremities (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 3).

- Bradycardia, which is a reduced resting heart rate, and can result in shortness of breath, fainting, and even death (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at pages 3-4).

- Congenital Osteochondromas, which results in benign tumors of bone and cartilage (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 4).

- Astigmatism, which is an eye disorder in which the cornea is abnormally curved, resulting in out-of-focus vision (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 4).

- Esotropia, which is an eye disorder in which one or both eyes turn inward (see Summary of Medical Records attached as Exhibit 1 to the Sentencing Memorandum filed on August 9, 2011, at page 5).

Both before and after the 2010 amendment to the guideline cited by the Government, and before and after *Booker*, *id.,* numerous courts in this and other circuits have granted USSG § 5H1.4 departures. Micah's conditions align with the following cases where the Court has departed:

- *United States v. Colaiezzi*, WL 5477154 (D.N.M. 2010)
    - Guideline Offense Level: 24
    - Departure: 13 levels
    - Basis: neurological impairment

- *United States v. Lara,* 905 F.2d 599 (C.A.2 N.Y. 1990)
    - Guideline sentence range: 121-151 months
    - Departure: reduced to the mandatory minimum of 60 months
    - Basis: "defendant's particular vulnerability due to his immature appearance, sexual orientation and fragility."

- *United States v. Long*, 977 F.2d 1264 (C.A.8 Minn. 1992)

- - Guideline sentence range: 46-57 months
  - Departure: Five years of probation, including one year of home detention, and 300 hours of community service.
  - Basis: "an extraordinary physical impairment…which leaves him exceedingly vulnerable to possible victimization and resultant severe and possibly fatal injuries."
- *United States v. Gee & Norris*, 226 F.3d 885 (7th Cir. 2000)
  - Guideline offense level: 21
  - Departure: reduced to 37 months home detention
  - Basis: cardiological and mental health problems.
  - Note: reversed and remanded on issues other than decision to depart under USSG § 5H1.4
- *United States v. Rioux*, 97 F.3d 648 (2nd Cir. 1996)
  - Guideline offense level: 20
  - Departure: 10 levels
  - Basis: Chronic kidney disease and hip replacement
- *United States v. Gonzalez,* 945 F.2d 525 (2nd Cir. 1991)
  - Guideline sentence: 95 months
  - Departure: reduced to 33 months
  - Basis: extremely small stature, physical appearance, and demeanor made him unusually vulnerable and susceptible to prison abuse.
- *United States v. Jimenez,* 212 F.Supp. 2d 214 (S.D.N.Y., 2002*)*
  - Guideline sentence range: 51-71 months

- Departure: not detailed by Court opinion
- Basis: brain aneurism, memory loss, headaches, blurred vision, hallucinations, psychotic disorders, and loss of strength of her right hand.
- Note: The Court specifically rejected the Government's argument that the "touchstone" of the physical impairment analysis should be the BOP's ability to care for the Defendant (*id*. at page 217).

As in the case cited above, the Court should consider the burden of incarceration Micah will face compared to those Defendants not standing in his shoes, in determining a sentence that is sufficient but not greater than necessary to comply with the sentencing purposes in 18 USC § 3553(a) and is also appropriate under the sentencing guidelines (*Colaiezzi id.* and *Lara id.* at page 604).

## 2. The Defendant's Case is Different From Other Cases Where the Court has Imposed a Strict Guideline Sentence

In its last paragraph, the Government cites the court to *United States v. Levy*, 385 Fed.Appx. 20, WL 2758721 (C.A.2 (N.Y.)) (2010), where the District court sentenced the defendant to 360 months. The facts of *Levy* elucidate why a strict guideline sentence for Micah is inappropriately harsh. The defendant in *Levy* had repeated sexual contact with a five year-old girl, got the child's mother drunk until she passed out for the purposes of having that sexual contact, committed perjury, denied his participation in the molestation and coached his brother to lie for him. The Court considered all of those factors in determining that a 360 month sentence was appropriate. In this case, none of those factors are present.

3. Conclusion

Whether the Court arrives at the departure via either USSG § 5H1.4 or 18 USC § 3553(a), the result should be the same. Micah Brown, with all of his attendant physical issues, will have a much harder time in prison than a person similarly situated without his physical limitations. Multiple other courts, both before and after the 2010 Guideline Amendments, and *Booker id.*, recognize that such a circumstance is an appropriate basis for a departure. The Defendant respectfully requests that the Court recognize Micah's truly unique circumstances and grant a sentence less than that proposed by the PSR based upon the multiple physical factors described herein.

Dated: August 18, 2011

By: /s/_____
Emily Simon, Attorney at Law
Attorney for Defendant
26 N.E. 11th Ave.
Portland, OR 97232
(503) 239-6101
Bar Roll #517073

By: /s/_____
Randi Juda Bianco, Esq.
Attorney for Defendant
247 West Fayette Street
Suite 202
Syracuse, New York 13202
(315) 424-0744
Bar Roll # 507514

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                       Criminal Action No.
                                       5:11-CR-00125 (GTS)

   -v-

MICAH BROWN

                    Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2011, I electronically filed the DEFENDANT'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM with the Clerk of the District Court using the CM/ECF system.

    Assistant United States Attorney Lisa M. Fletcher


                                                    /s/

                                             Ari L. Steinberg-Lake